decision and journal entry
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Gordan Lamar Brooks has appealed the Summit County Common Pleas Court's imposition of consecutive sentences. This Court affirms.
 I.
Brooks was indicted on one count of complicity to commit robbery, in violation of R.C. 2911.02(A)(2) and 2923.02(A). This charge constituted a felony of the second degree. Thereafter, the state and Brooks reached a plea agreement in which Brooks would plead guilty to an amended charge of complicity to commit robbery, in violation of R.C. 2911.02(A)(2) and 2923.01, a third degree felony. After Brooks entered his plea, a presentence investigation and victim impact statement were ordered.
Subsequently, the trial court imposed the maximum sentence of five years in prison for the third degree felony. The trial court also ordered that the term be served consecutively to the sentence entered in another criminal proceeding wherein Brooks had recently been convicted and sentenced. When sentencing Brooks, the trial court stated:
The court will note for the record I have considered and reviewed the presentence report in this particular matter. I will indicate for the record that the offender has previously served a prison term. The offender's relationship with the victim facilitated this offense. I note for the record that the defendant does have a long, long criminal history as both a juvenile and an adult. He has not been rehabilitated to a satisfactory degree after having been previously adjudicated as a delinquent child pursuant to Chapter 2151 of the Revised Code, has not responded favorably to sanctions imposed for criminal convictions.
I believe in this case the offender does pose the greatest likelihood of committing future crimes based upon his prior record, extensive record both as an adult and juvenile, and I would indicate for the record the offender's criminal history is so great that it shows that long-term incarceration is necessary to protect the public, punish the offender and that his criminal history indicates that a lengthy term is necessary to protect the public.
The court will, therefore, impose a term of five years to be served in the Ohio Department of Corrections in this particular matter. That will be served consecutively and not concurrently with the sentence imposed [in the other case].
The trial court's journal entry stated, "The Court further finds, pursuant to [R.C.] 2929.14(E)(3), that consecutive sentences are necessary to protect the public and punish the offender, not disproportionate to the conduct and to the danger the offender poses; and: (1) The offender's criminal history shows that consecutive terms are needed to protect the public." Brooks has appealed, asserting one assignment of error.
 II. Assignment of Error
The trial court failed to state on the record the requisite findings thatgives its reasons in support of its imposition of consecutive sentencesin this case.
In his sole assignment of error, Brooks has challenged the trial court's imposition of a consecutive sentence, claiming that the trial court failed to set forth its reasons in support. Specifically, he has argued that while the trial court set forth the reasons in support of the maximum sentence, it failed to state on the record the reasons why Brooks' sentence was to be served consecutive to his other prison term. Brooks has also urged this Court to abandon the reasoning in State v.Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, and hold that a sentencing court is required to state both its findings and reasons in support of consecutive sentences at the sentencing hearing. The state has countered, arguing that the trial court expressed its reasons in support the imposition of the maximum sentence and the consecutive sentence at the hearing and properly made the requisite findings in its journal entry.
Under R.C. 2929.14(C), a trial court may impose a maximum prison term on a defendant who has met one of four criteria: (1) the defendant committed the worst form of the offense; (2) the defendant poses the greatest likelihood of committing future crimes; (3) the defendant is a major drug offender of the type set forth in R.C. 2929.14(D)(3); or, (4) the defendant is a repeat violent offender of the type set forth in R.C.2929.14(D)(2). R.C. 2929.19(B)(2)(d) also mandates that if the trial court imposes a maximum prison term allowed for an offense under R.C.2929.14(A), the court must give its reasons for that decision.
On the other hand, R.C. 2929.14(E)(4) sets forth the three findings required before the imposition of a consecutive sentence. A trial court must find that:
[T]he consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
a. The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
b. The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
c. The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.14(E)(4). A trial court must also give its "reasons for imposing the consecutive sentences." R.C. 2929.19(B)(2)(c). A trial court's findings need not be in the sentencing transcript if the they are contained in the journal entry. See Riggs, supra; see, also, State v.Edmonson (1999), 86 Ohio St.3d 324. Similarly, a trial court's reasons need not be in the journal entry if they are stated on the record during the sentencing hearing. Riggs, supra.
This Court's standard of review is controlled by R.C. 2953.08(G). According to the statute, it is incumbent upon an appellate court to determine whether the trial court (1) failed to make the required statutory findings, and, (2) clearly and convincingly acted contrary to law or the record. Id. The imposition of a maximum sentence ordered to be served consecutive to another prison term will be affirmed unless the trial court did not make the mandatory findings or did not act in accordance with the law or the record.
In this case, the trial court clearly set forth the requisite findings in its journal entry. See R.C. 2929.14(E)(4)(c). The court also expressed its reasons for sentencing Brooks to the maximum allowable term and for ordering the sentence to be served consecutive to a previously imposed sentence. At the sentencing hearing, the trial court noted that Brooks had a previous prison term, a long criminal history, and that efforts to rehabilitate him had failed. The court also noted that the relationship between Brooks and the victim had facilitated the offense.
Brooks has asserted that the trial court's stated reasons support only the maximum sentence and that they cannot be considered as the reasons for the consecutive sentence order. In essence, he has argued that when imposing both a maximum and consecutive sentence, a trial court must address and separately set forth reasons to support each decision. This Court disagrees.
Reasons to sentence a criminal defendant to a maximum prison term and reasons to order that sentence served consecutive to another prison term are not mutually exclusive. See State v. Zeffer (Dec. 13, 2000), Summit App. No. 19963, unreported (noting that a trial court's concerns, i.e. reasons, in support of its imposition of maximum sentences are just as relevant to its imposition of consecutive sentences). Indeed, an extensive criminal history, both as a juvenile and an adult, the lack of rehabilitation, and the exploitation of a relationship in the commission of a crime support those findings required when imposing either a maximum sentence and/or consecutive sentence. A trial court need not repeat itself and articulate twice the reasons in support of its various findings. See id.
In the end, the trial court properly set forth the required findings in its journal entry and gave sufficient reasons during the hearing to support the sentence imposed. Its actions were not clearly and convincingly contrary to law or the record. Brooks' argument is not well taken.
 III.
Brooks' assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ____________________________ DONNA J. CARR
BATCHELDER, P.J., BAIRD, J. CONCUR.